UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JESSICA ANN TIJERINA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:25-cv-00499 (UNA) |
| LAURIE A. FORTIER, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the court on plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the IFP application and, for the reasons discussed below, it dismisses this matter without prejudice. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff appears to be a resident of Texas, *see* Compl. at 1; however, Plaintiff does not provide her own residential address, and fails to provide any addresses for the defendants, thus contravening D.C. LCvR 5.1(c)(1), (g). She sues Roger Dale Stevens, II, her ex-husband with whom she shares two children. *See id.* at 1–2. Plaintiff and Stevens were opposing parties in a civil domestic case—involving, *inter alia*, issues of their absolute divorce, custody, and support––filed in Ada County Judicial Court (Magistrate Division) located in Boise, Idaho. *See id.* at 1–3; *see also Stevens vs. Stevens, II*, No. CV01-17-04230 (filed March 9, 2017) ("*Stevens I*") (found at iCourt Portal - Online records & payments for the Idaho courts, https://portal-

idaho.tylertech.cloud/odysseyportal/Home/Dashboard/29) (last visited Apr. 8, 2025). [1] Plaintiff also sues two judges who presided over that matter, as well as Stevens' attorney. *See id.* at 1.

Plaintiff challenges numerous actions taken by defendants in *Stevens I*, contending that Stevens unlawfully removed her children from the state of Texas, and that the Ada County Judicial Court erred in failing to recognize Texas as the home state for her children, that the court acted without jurisdiction, and violated her due process while adjudicating the case. *See* Compl. at 1–3. She further alleges that Ada County Judicial Court ignored relevant evidence. *See id*. at 2–3. She demands that this court enter an order immediately returning the children to her custody and rendering void the judgment in *Stevens I, see id*. at 3, and she also seeks over $33 million in damages, *see* supplemental memorandum ("Supp. Mem."), ECF No. 7, at 2. In addition to the complaint itself, plaintiff has also concomitantly filed a motion for temporary restraining order, ECF No. 4, a petition of habeas corpus, ECF No. 5, a motion for writ of prohibition, ECF No. 6, and a supplemental memorandum, *see* Supp. Mem., all of which raise substantially similar claims and allegations as presented in the complaint.

First, plaintiff has failed to establish subject matter jurisdiction. *See generally* 28 U.S.C. §§ 1331, 1332.[2] Federal district courts generally lack jurisdiction to review or interfere with judicial decisions by state courts, and plaintiff cannot circumvent that prohibition by bringing this matter under the auspices of federal legal authority. *See Richardson v. District of Columbia Court*

---

[1] A court may take judicial notice of the docket and facts on the public record in other judicial proceedings. *See Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

[2] Plaintiff dually failed to establish diversity jurisdiction. It is a "well- established rule" that, for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc*., 498 U.S. 426, 428 (1991). Notably, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference*." Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). Thus, "an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak v. Capital Mgmt. & Dev. Corp*., 452 F.3d 902, 906 (D.C. Cir. 2006) (quoting Naartex Consulting Corp. v. Watt, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Here, plaintiff has not even provided the defendants' respective residences, let alone set forth their state citizenships.

*of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)). Indeed, the domestic relations exception generally deprives a federal district court of the power to issue or modify child custody determinations, *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *see also Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception divests federal court of jurisdiction to "resolve parental conflicts over the custody of . . . children"). State custody determinations must be contested in the local court where the proceedings were held. *See Bennett*, at 682 F.2d at 1042–43 (explaining that child custody issues are uniquely suited to resolution in local courts). In other words, insofar as plaintiff disagrees with the proceedings and disposition of *Stevens I*, she must file for relief in the Ada County Judicial Court, and thereafter in the Idaho appellate court system.

Second, the judicial defendants are immune from suit for actions taken in the performance of their duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are absolutely immune for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."); *see also Caldwell v. Kagan*,

777 F. Supp. 2d 177, 180 (D.D.C. 2011) (Although "Plaintiff asserts that he is challenging each defendant's 'non-judicial acts,' it is clear from the allegations in the complaint that the only actions he is complaining about are judicial decisions and the judicial decision-making process.").

Finally, even if plaintiff could overcome these hurdles, venue is improper here. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). Here, all of the parties appear to be located in either Texas or Idaho, and all of the events giving rise to this case also allegedly took place in those states. Moreover, as pleaded, this matter presents no connection to the District of Columbia. *See* 28 U.S.C. § 1406(a) (affording dismissal when a case is filed in the wrong venue).

For the foregoing reasons, the complaint, ECF No. 1, and petition for habeas corpus, ECF No. 5, are dismissed without prejudice. Plaintiff's motion for temporary restraining order, ECF No. 4, and motion for writ of prohibition, ECF No. 6, are both denied, and her motion for hearing, ECF No. 8, is denied as moot. A separate order accompanies this memorandum opinion.

Date:   April 17, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge